# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEXANDER BEDNAR, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. CIV-19-224-D |
| PAUL HESSE, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff Alexander Bednar, appearing *pro se* and putatively as next friend of his minor daughter, MFB, filed a Complaint [Doc. No. 1] which purports to allege claims arising under 42 U.S.C. § 1983 against multiple Oklahoma state court judges and the Oklahoma County Court administrator. Upon review of the filings in this action, the Court notes that the minor child is unrepresented. It is well settled in the Tenth Circuit that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir. 1986) (per curiam)); *see also Mann v. Boatright,* 477 F.3d 1140, 1150 (10th Cir. 2007) (citing *Meeker* with approval).

Although "[t]he right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654[,] 'because *pro se* means to appear for one's self [sic], a person may not appear on another person's behalf in the other's cause.'" *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299-300 (10th Cir. 2011) (quoting, *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998)) (alterations added). "The court has a duty to enforce the ... rule [that minor

children must be represented by attorneys] *sua sponte*, for the infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." *Greene v. United States Postal Serv.*, 745 Fed. Appx. 299, 300 (10th Cir. 2018), *reh'g denied* (Jan. 14, 2019) (quoting *Wenger v. Canastota Cent. School Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) *overruled on other grounds by Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007) (brackets and internal quotation marks omitted)); *See also Oltemari by McDaniel v. Kansas Soc. Rehab. Serv.*, 871 F. Supp. 1331 (D. Kan. 1994) (dismissing case *sua sponte* because *pro se* parent filed claim on behalf of minor child).

The Court finds that the Complaint makes no distinction between claims brought on Plaintiff's behalf and any brought solely on behalf of MFB. Therefore, Plaintiffs' Complaint [Doc. No. 1] is hereby **DISMISSED** without prejudice to refiling and Plaintiff is directed to obtain representation by a licensed attorney admitted to practice in this Court (or admissible under LCvR 83.2(g)), before bringing claims on behalf of MFB.

**IT IS SO ORDERED** this 14th day of March 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE